FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 08, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUSTIN HARTER,

           Plaintiff,

v.

MEGAN J. BRENNAN, Postmaster General,

           Defendant.

No. 2:16-CV-0438-SMJ

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

## I. INRODUCTION

Plaintiff Justin Harter was employed by the Postal Service during the holiday season in 2014 as a Postal Support Employee (PSE). He applied to be rehired as a PSE twice the following year, but was not rehired. His employment files with the Postal Service contain conflicting documents concerning his performance in 2014—the first, in his file at the district office, indicates his performance was satisfactory; a second, in his local file, indicates that he was terminated for cause and given a do-not-rehire recommendation by his supervisor. Harter alleges he was never informed that he was terminated for cause, and that the poor performance

ORDER **-** 1

evaluation was false and fabricated as pretext for not rehiring him. He further alleges he was not rehired because of his race and gender.

In this action, Harter alleges race and sex discrimination, breach of contract, and Civil Service Reform Act (CSRA) prohibited practices claims against Postmaster General Megan J. Brennan (Defendant). Defendant moves to dismiss Harter's breach of contract and prohibited practice claims. Because the applicable provisions of the CBA do not apply to PSEs, Defendant's motion to dismiss Harter's breach of contract claim, is granted. However, because the Supreme Court has made clear that the appropriate forum for review of cases presenting both CSRA and federal antidiscrimination claims is the district court, Defendant's motion to dismiss Harter's prohibited practices claim is denied.

## II. BACKGROUND

Plaintiff Justin Harter worked as a Postal Support Employee over the holiday term from November 28, 2014, to December 26, 2014. ECF No. 19 at 3. He alleges that he was not absent or late, he had no write ups for discipline, and his work was satisfactory during that time. ECF No. 19 at 3. He alleges his employment was governed by a Collective Bargaining Agreement (CBA). ECF No. 19 at 3.

At the end of this period, Harter's supervisor Dorian Chastain included a "Form 50" and evaluation in Harter's local employment records indicating that

Harter was terminated from his seasonal employment and recommending that Harter not be rehired. ECF No. 19 at 3–4. The reasons for this recommendation included that Harter was "late often," his "attitude was poor," and he "did not follow instructions." ECF No. 19 at 3–4. This form is not in Harter's official Postal Service employment record. ECF No. 19 at 4. The official Form 50, kept at the Postal Service District Office, does not reflect any basis for termination, indicates that Harter's work was satisfactory, and does not include a do-not-rehire recommendation. ECF No. 19 at 4–5. Chastain later acknowledged that he did not directly supervise Harter, that two of Harter's three on-the-job instructors rated Harter as average, and that he never informed Harter that he was terminated for cause. ECF No. 19.

Harter alleges he did not know he was terminated for cause, and so did not initially bring a claim before the EEO or MSPB based on the termination. ECF No. 19 at 4.

Harter applied for rehiring on September 28, 2015. ECF No. 19 at 5. He received a passing score on the hiring exam for the position. ECF No. 19 at 5. On November 3, he was notified that he was not selected for rehiring because he failed to respond to a contact from Postal officials on October 19, 2015. ECF No. 19 at 5. Harter denies being contacted by any Postal employee on October 19, and, instead, alleges that he called about the status of his

application that day and left a message for an HR specialist who never returned his call. ECF No. 19 at 5–6. He alleges that he called twice more before November 3 and left messages. ECF No. 19 at 6.

HR specialist Grace Coldsnow called Harter on November 3, 2015, and told him that he was not selected because he failed to respond to her calls and told him that he had no recourse except to reapply to the next job posting. ECF No. 19 at 6. Coldsnow did not inform Harter that local records showed he was terminated for cause in December 2014 and was a non-rehire. ECF No. 19 at 6.

Harter again applied for rehiring on November 5, 2015. ECF No. 19 at 7. He was interviewed on November 19 and informed on November 23 that he was not selected for the position. ECF No. 19 at 7. Postal Service documents indicate only that Harter was "not recommended." ECF No. 19 at 7. His hiring exam score was higher than that of applicants who were hired. ECF No. 19 at 7.

Harter alleges that he was discriminated against based on his Native American race and his gender. ECF No. 19 at 7. He alleges his supervisors and instructors were aware that he was Native American because of his disclosure on his application that he attended Haskell Indian Nations University, conversations regarding his minority status, and past employment with tribal agencies. ECF No. 29 at 3.

Harter filed an Equal Employment Opportunity (EEO) claim alleging race and sex discrimination. ECF No. 19 at 7. The agency rejected Harter's claims relating to his termination as untimely. ECF No. 19 at 8; ECF No. 19-1. The agency rejected his claims concerning rehiring because, despite concluding that he made a prima facie case of sex discrimination, it found that the management demonstrated non-discriminatory reasons for not hiring Harter: (a) he did not respond to a request for an interview time for the first position and (b) the unfavorable employment evaluation by Chastain. ECF No. 19 at 8; ECF No. 19-1 at 15. Harter alleges that Chastain's evaluation was fabricated, and that, had he known he was terminated for cause in December 2014, he would have pursued legal remedies at that time. ECF No. 19 at 9.

Harter also filed an appeal with the Merit Systems Protection Board (MSPB), which was dismissed for lack of jurisdiction. ECF No. 26-4 at 2–4.

Harter filed this action in December 2016, alleging that the Postal Service's failure to rehire him constituted discrimination in federal employment in violation of Title VII of the Civil Rights Act and breach of contract. ECF No. 1 at 10. On August 29, 2017, Harter filed an amended complaint adding a prohibited practice claim under 5 U.S.C. § 2302(b)(2) and (b)(4). ECF No. 19 at 11. Defendant moves to dismiss Harter's breach of contract and prohibited practices claims. ECF No. 20.

## III. MOTION TO DISMISS STANDARD

A claim may be dismissed pursuant to Rule 12(b)(6) either for lack of a cognizable legal theory or failure to allege sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

**B.    Harter fails to state a breach of contract claim.**

"To recover for a breach of contract, a party must allege and establish: (1) a valid contract between the parties, (2) an obligation or duty arising under the contract, (3) a breach of that duty, and (4) damages caused by the breach." *San Carlos Irr. And Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989). Harter alleges that his employment was governed by a CBA,[1] however, the

---

[1] The Court finds that the CBA between the Postal Service and the American Postal Workers Union is incorporated in the First Amended Complaint by reference, and

provisions of the CBA he relies on to support his breach of contract claim did not apply to him as a PSE. The CBA provides that only Articles 1, 2, 3, 5, and 7 apply to PSEs. ECF No. 28-2 at 14–15. Harter's breach of contract claim relies on provisions of Articles 15 and 16 of the CBA. ECF No. 25 at 6–7. Accordingly, Harter has failed to allege a duty arising under the CBA that was breached, and his contract claim fails.

**B.      Harter has stated a CRSA Prohibited Practices claim**

Defendant argues that Harter's prohibited practices claim fails because (1) the CSRA does not apply to PSEs and (2) the CSRA's remedies for prohibited practice violations are exclusive and do not provide for review by a district court. ECF No. 20 at 5–7. Because PSEs are covered by the CSRA for certain purposes, including for the claims made in this case, and this Court is the proper forum for judicial review, Harter's prohibited practices claims survive.

**1.      The CSRA covers Harter's claims.**

In arguing that the CSRA does not apply here, Defendant cites to the subchapter of the CSRA addressing termination and suspension, which applies only to "employees," who are defined as "an individual in the competitive service who is not serving a probationary or trial period under an initial appointment; or, except

---

its contents may therefore be considered on this motion. *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

as provided in section 1599e of title 10, who has completed 1 year of current continuous employment in the same or similar positions under other than a temporary appointment limited to 1 year or less." 5 U.S.C. § 7501(2); 7511(a)(1)(A)(ii). But Harter's claims are made pursuant to 5 U.S.C. § 2302(b)(2) and (b)(4), which plainly apply to persons seeking or being considered for employment, not only employees. Accordingly, Harter is not barred from bringing an action under the CSRA on the basis that he was not an employee.

### 2. This court is the proper forum for review of Harter's prohibited practice claims.

Defendant argues that the CSRA provides the exclusive remedy for all prohibited personnel actions, and that Harter's only avenue for judicial review under the CRSA was to file a lawsuit in the Federal Circuit within 60 days of the MSPB's order. ECF No. 20 at 7; 28 at 7–8. Harter argues that judicial review in the district court is available when the MSPB dismisses a claim for lack of jurisdiction. ECF No. 25 at 12.

The Supreme Court's recent decision in *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975 (2017), clearly resolves this question in Harter's favor. As the Court explained:

> If an employee asserts rights under the CSRA only, MSPB decisions, all agree, are subject to judicial review exclusively in the Federal Circuit. § 7703(b)(1). If the employee asserts no civil-service rights, invoking only federal antidiscrimination law, the proper forum for judicial review, again all agree, is a federal district court, *see Kloeckner*

ORDER - 8

> *v. Solis*, 568 U.S. 41, 46 (2012); the Federal Circuit, while empowered to review MSPB decisions on civil-service claims, § 7703(b)(1)(A), lacks authority over claims arising under antidiscrimination laws, see § 7703(c).

137 S. Ct. at 1979. Additionally, prior to *Perry* the Court had clarified that a mixed case—presenting both CRSA and civil-rights claims—is properly heard in the federal district courts, not the Federal Circuit. *Id.* at 1984 (citing *Kloeckner*, 568 U.S. at 50). *Perry* presented one additional issue for clarification: whether the rule in *Kloeckner* extends to cases dismissed by the MSPB on jurisdictional grounds. *Perry*, 137 S. Ct. at 1981–82. The Court stated the question as: "Where does an employee seek judicial review when the MSPB dismisses her civil-service case alleging discrimination neither on the merits nor on a procedural ground, but for lack of jurisdiction?" *Id.* at 1982. The Court's answer was unambiguous: All mixed cases are properly heard in the district courts, even where the MSPB dismissed for lack of jurisdiction. *Id.* at 1987–88.

Because this is a mixed case involving both federal antidiscrimination claims and CSRA prohibited practice claims, this court is the proper forum for judicial review.

## V. CONCLUSION

For the reasons discussed, **IT IS HEREBY ORDERED**:

ORDER - 9

1. Defendant's Motion to Dismiss for Failure to State a Claim on Counts 2 and 3, **ECF No. 20**, is **GRANTED IN PART AND DENIED IN PART** as follows:

   *A.* Plaintiff's breach of contract claim, ECF No. 19 at 11, ¶ 4.2, is **DISMISSED**.

   *B.* Defendant's motion to dismiss Plaintiff's CSRA claim ECF NO. 19 at 11, ¶ 4.3, is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 8th day of November 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER **-** 10