Case 2:16-cv-00438-SMJ    ECF No. 132    filed 04/30/20    PageID.1734    Page 1 of 14

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 30, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN HARTER,<br><br>                Plaintiffs,<br><br>v.<br><br>MEGAN J. BRENNAN,<br>POSTMASTER GENERAL,<br><br>                Defendant. | No.  2:16-cv-00438-SMJ<br><br>**ORDER DENYING MOTION FOR ORAL ARGUMENT AND GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

Before the Court, without oral argument, are Defendant Megan J. Brennan, Postmaster General's Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 117,[1] and Plaintiff Justin Harter's Motion for Oral Argument, ECF No. 130. This case involves claims arising from the allegedly discriminatory termination of Plaintiff without notice and the subsequent ramifications of that termination on Plaintiff's future employment. Defendant argues Plaintiff's sole remaining claim, breach of contract, must be dismissed for lack of jurisdiction because Plaintiff failed to allege that he exhausted contractual grievance procedures

---

[1] A corrected version was filed on March 4, 2020, changing the date for which hearing was noted. ECF No.118.

ORDER DENYING MOTION FOR HEARING AND GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS – 1

and because Plaintiff has not alleged that his union breached its duty of fair representation. ECF No. 118 at 2. Plaintiff argues he was not required to exhaust the grievance procedures related to his 2014 termination because they were not available to him under the terms of the contract and that after his 2014 termination he was a third party beneficiary to the contract. ECF No. 128[2] at 2–3. Having reviewed the motion and the file in this matter, the Court is fully informed. The Court finds the motion is appropriate for decision without oral argument and denies Plaintiff's motion for oral argument. Further, for the reasons set forth below, the Court grants in part and denies in part Defendant's motion to dismiss.

## BACKGROUND

Plaintiff filed this action on December 16, 2016, alleging that Defendant terminated him without notice based on his race and gender. ECF No. 1. Plaintiff later filed a First Amended Complaint making similar allegations of discrimination and asserting three causes of action: discrimination in federal employment, breach of contract, and violations of 5 U.S.C. §§ 2302(b)(2), (b)(4). ECF No. 19.[3] Specifically, Plaintiff asserts he was employed by the U.S. Postal Service during the

---

[2] Plaintiff first filed his response at ECF No. 127 but filed an amended version at ECF No. 128 to remove comment boxes from the margins.

[3] Plaintiff filed a First Amended Complaint on August 29, 2017, ECF No. 19, and later filed a Praecipe to the First Amended Complaint to add his signature, ECF No. 24. This Order will cite to ECF No. 19 as the First Amended Complaint.

ORDER DENYING MOTION FOR HEARING AND GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS – 2

1  a seasonal employment period from November 28, 2014 until December 26, 2014,
2  and during that time he was neither absent nor late, had no write ups for discipline,
3  and performed satisfactory work. *Id.* at 3. Plaintiff claims that, nevertheless, his
4  supervisor terminated him without his knowledge on the last day of the seasonal
5  hiring period and included a recommendation that he not be rehired with a note that
6  Plaintiff was often late and had a poor attitude. *Id.* at 3–4. Plaintiff alleges he was
7  not given notice that he had been terminated for cause and was under the impression
8  that his employment ended because the seasonal position had concluded. *Id.* at 4.

9        Plaintiff further claims that in 2015, not knowing he had been terminated for
10 cause, he submitted two applications for employment to the Postal Service. *Id.* at 5.
11 Both applications were denied, one ostensibly for Plaintiff's failure to respond to
12 calls, which Plaintiff argues was a fabrication, and one with a notation that Plaintiff
13 was "not recommended." *Id.* at –7. Plaintiff alleges that both rejections were actually
14 "due to the employer's practice of giving favorable treatment to other applicants
15 based on [race] and [sex]." *Id.* at 7.

16       On November 8, 2017, the Court granted in part and denied in part
17 Defendant's motion to dismiss, dismissing Harter's breach of contract claim on the
18 basis that he had failed to allege a duty arising under the Collective Bargaining
19 Agreement (CBA) governing his employment. ECF No. 33. The Court found that
20 the provision requiring advance written notice in cases of removal for cause did not

ORDER DENYING MOTION FOR HEARING AND GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS – 3

1  apply to Postal Support Employees (PSEs). *Id.* at 7. The parties agreed to dismiss
2  Harter's prohibited practice claim, and the Court granted dismissal on December 22,
3  2017. ECF Nos. 39, 40. On July 5, 2018, the Court granted Defendant's motion for
4  summary judgment on the remaining employment discrimination claim. ECF
5  No. 103.

6  Plaintiff appealed this Court's dismissal of his breach of contract claim and
7  award of summary judgment on his employment discrimination claim. ECF No. 106.
8  The Ninth Circuit Court of Appeals affirmed the award of summary judgment but
9  reversed and remanded as to dismissal of the breach of contract claim, determining
10 that the contract provision regarding notice in the case of for-cause termination on
11 its face applies to PSEs. ECF No. 110. Defendant raised, for the first time on appeal,
12 arguments regarding Defendant's failure to allege his union breached the duty of fair
13 representation, and the Ninth Circuit directed that Plaintiff be given leave to amend
14 his complaint in response to those arguments, if he requested leave to do so. *Id.* at 3.

15 Defendant now asserts both that Plaintiff failed to allege the union breached
16 the duty of fair representation and that Plaintiff failed to allege he exhausted
17 grievance mechanisms required under the CBA. ECF No. 117 Plaintiff has not
18 requested leave to file an amended complaint. *See* ECF No. 128. Instead Plaintiff
19 argues for opening the case for limited discovery regarding the provision of the CBA
20 setting forth grievance procedures. ECF No. 128.

## LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction over an issue. Federal courts have limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court presumes a civil action lies outside its limited jurisdiction and the burden to prove otherwise rests on the party asserting jurisdiction exists. *Id.*

An attack on subject matter jurisdiction may be either facial or factual. *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," whereas "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

Defendant mounts a facial attack. ECF No. 117 at 5. In a facial attack, the Court accepts the facts in the complaint as true and draws all reasonable inferences in Plaintiff's favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The Court must limit its analysis to the allegations contained within the complaint and documents attached to or incorporated by reference in the complaint. *Avila v. Sheet Metal Workers Local Union No. 293*, 400 F. Supp. 3d 1044, 1053 (D. Haw. 2019).

# DISCUSSION

Defendant argues Plaintiff failed to assert that he exhausted the grievance procedures set forth in the CBA on which his breach of contract claims are predicated and Plaintiff further failed to assert that the union breached its duty of fair representation. ECF No. 117 at 2. Defendant also asserts that any required interpretation of the terms of the CBA is a matter reserved for the arbitrator identified in the CBA's grievance procedures. *Id.* at 12. Plaintiff argues there were no grievance procedures set forth in the CBA that were applicable to him, and so he is not required to assert that he exhausted those remedies or that the union breached its duty of fair representation. ECF No. 128 at 3. Plaintiff argues that because there was no grievance mechanism available, the union was not required to represent him at the time of his termination and that because he was not a union member when re-applying for employment, the union did not represent him then, either. *Id.* at 6–7.

**A.    Plaintiff has pled sufficient facts to invoke jurisdiction related to his 2014 termination but not as to lack of notice regarding that termination**

Section 301 of the Labor Management Relations Act (LMRA) establishes the "statutory mechanism for vindicating contract rights under a collective bargaining agreement." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985 (9th Cir. 2007) (quoting *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 511 (9th Cir. 1978). Employees may enforce rights under such a collective agreement that are personal

to them, such as wrongful discharge, under Section 301. *Id.* (citing *Lerwill*, 582 F.2d at 511). Prior to bringing suit, an employee "must first attempt to exhaust any mandatory or exclusive grievance procedures provided in the agreement." *Id.* at 985–86 (citing *United Paperworkers Int'l Union, ALF-CIO v. Misco, Inc.*, 484 U.S. 29, 37 (1987); *Del Costello v. Int'l Bd. of Teamsters*, 462 U.S. 151, 163 (1983)).

However, "a party cannot be required to submit to arbitration any dispute which he has not agreed to arbitrate." *Howsan v. Dean Witter Reynolds*, 537 U.S. 79, 83 (2002) (quoting *Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). There is nonetheless a strong presumption in favor of arbitration. *Inlandboatmens Union of the Pac. V. Dutra Group*, 279 F.3d 1075, 1078 (9th Cir. 2002). Thus, "[a]part from matters that the parties specifically exclude," disputes under a collective bargaining agreement fall within the scope of enumerated grievance procedures and "[d]oubts should be resolved in favor of coverage." *Steelworkers*, 363 U.S. at 581, 583; *see also AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) ("Where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" (quoting *Steelworkers*, 363 U.S. at 582–83)).

Where there is a question of whether a matter falls within the collective

ORDER DENYING MOTION FOR HEARING AND GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS – 7

bargaining agreement's grievance procedure, the Court must "'interpret the agreement and [] determine whether the parties intended to arbitrate grievances concerning' a particular matter." *Granite Rock Co. v. Int'l Bd. of Teamsters*, 561 U.S. 287, 301 (2010) (quoting *AT&T Techs.*, 475 U.S. at 651–52). The court discharges "this duty by: (1) applying the presumption of arbitrability only where a validly formed and enforceable arbitration agreement is ambiguous about whether it covers the dispute at hand; and (2) adhering to the presumption and ordering arbitration only where the presumption is not rebutted." *Id.* (collecting cases). The party contesting whether the grievance procedure requirements apply "bears the burden of demonstrating how the language in the collective bargaining agreement excludes a particular dispute." *Std. Concrete Prods. v. General Truck Drivers, Office, Food & Warehouse Union, Local 952*, 353 F.3d 668, 674 (9th Cir. 2003) (quoting *Phoenix Newspapers, Inc. v. Phoenix Mailers Union Local 752*, 989 F.2d 1077, 1080 (9th Cir. 1993)).

Therefore, contrary to Defendant's argument that the Court is precluded from interpreting the terms of the CBA, *see* ECF No. 117 at 11–13, the Court is specifically *required* to review the terms of that agreement to determine whether Plaintiff was subject to a mandatory grievance procedure. *See Granite Rock Co.*, 561 U.S. at 301. The Court has previously determined that the CBA was incorporated by reference into the First Amended Complaint. ECF No. 33 at 6 n.1.

The CBA sets forth the grievance procedures in Article 15. Collective Bargaining Agreement Between American Postal Workers Union, ALF-CIO and U.S. Postal Service November 21, 2010 May 20, 2015 (the "CBA"), at 87–106, available at https://www.apwu.org/sites/apwu/files/resource-files/APWU%20CBA%202010-2015.pdf at 87–106. The CBA also states that "The parties recognize that PSEs will have access to the grievance procedure for those provisions which the parties have agreed apply to PSEs." *Id.* at 289. The CBA further states as follows:

> PSEs may be disciplined or removed within the term of their appointment for just cause and any such discipline or removal will be subject to the grievance arbitration procedure, provided that within the immediately preceding six months, the employee has completed ninety (90) work days, or has been employed for 120 calendar days, whichever comes first.
>
> In the case of removal for cause within the term of an appointment, a PSE shall be entitled to advance written notice of the charges against him/her in accordance with the provisions of Article 16 of the National Agreement.

*Id.* at 290.

### 1. Breach of contract based on the termination

Plaintiff argues the first of these paragraphs limits all PSEs' access to the grievance procedures by restricting the grievance procedures to those PSEs who have completed ninety work days or have been employed for 120 calendar days. ECF No. 128 at 8–9. Defendant asserts that the phrase beginning with "provided

that within the immediately preceding six months, . . ." only restricts PSEs with limited tenure from specifically grieving "discipline or removal." ECF No. 129 at 6.

Plaintiff's interpretation cannot be reconciled with the other language in the CBE recognizing that PSEs are entitled to the grievance procedure for certain provisions. Instead, Defendant's interpretation is more accurate, and it is this narrower interpretation of the exception to filing a grievance that the Court adopts. *See Steelworkers*, 363 U.S. at 583 ("Doubts should be resolved in favor of coverage"). However, under either of these interpretations, the CBA specifically excludes from the grievance procedures a PSE's claims challenging for-cause termination where the PSE had completed fewer than ninety work days or had been employed for fewer than 120 calendar days. At the time of his termination, Plaintiff had been employed for less than the specified term, and was therefore not entitled to file a grievance related to his for-cause termination.

**2. Breach of contract based on the failure to give notice**

The parties do not identify any other exceptions to the grievance procedures. *See* ECF Nos. 117, 128 & 129. The CBA's language regarding a PSE's rights to notice of removal appear in a separate paragraph that does not include any exceptions to the grievance procedures based on a PSE's tenure. *See* CBA at 290. Therefore, the Court determines that PSEs were required to proceed under the CBA's grievance procedures to assert a claim based on failure to comply with notice

ORDER DENYING MOTION FOR HEARING AND GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS – 10

requirements. *See Steelworkers*, 363 U.S. at 581, 583. As such, Plaintiff was required to file a grievance under the terms of the CBA related to the lack of notice,[4] but was not required to file a grievance related to the termination itself.

### 3. Plaintiff's claims in the First Amended Complaint

Plaintiff's claim for breach of contract in the First Amended Complaint does not clearly challenge the termination itself, but rather focuses on the lack of notice he received concerning his cause termination. *See* ECF No. 19 at 10 (identifying Defendant's discriminatory treatment as "i.e., failing to inform him of his baseless termination, failing to inform him that he was a non-rehire, offering pre-textual and fraudulent reasons to not-select him for rehire."); *id.* at 11 (identifying all "relevant facts and allegations" as constituting a breach of contract). Because the Court is required to draw all reasonable inferences in Plaintiff's favor, the Court will infer that Plaintiff was challenging both the termination itself and the lack of notice. *See Wolfe*, 392 F.3d at 362 (requiring reasonable inferences be drawn in Plaintiff's favor). Given that Plaintiff's claim concerning notice of his termination is covered by the CBA's grievance procedures, the Court dismisses that claim in part for lack

---

[4] Although Plaintiff argues that he could not have filed a grievance related to the lack of notice specifically because he was not given notice, the CBA states that "Any employee who feels aggrieved must discuss the grievance with the employee's immediate supervisor within fourteen (14) days of the *date on which the employee or the Union first learned or may reasonably have been expected to have learned* of its cause." CBA at 87. Plaintiff was therefore required to raise the issue through the grievance mechanism only after he learned of the lack of notice.

ORDER DENYING MOTION FOR HEARING AND GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS – 11

of subject matter jurisdiction. Defendant's motion to dismiss is denied to the extent Plaintiff challenges the termination itself as a violation of the CBA.

**B.    Plaintiff has not shown he was a third-party beneficiary for the purposes of his 2015 applications**

Plaintiff asserts that "he has an independent right to suit for breach of contract" because after his termination in 2014, he retained rights as a third-party beneficiary to the CBA. ECF No. 128 at 11–13. It is not clear from Plaintiff's filing or from the First Amended Complaint itself what rights Plaintiff seeks to vindicate related to the two 2015 applications. *See* ECF Nos. 19, 128.

As a preliminary matter, the First Amended Complaint does not in any way mention that Plaintiff believed himself to at any time be a third-party beneficiary or identify a claim based on his status as third-party beneficiary. *See* ECF No. 19. Rather, Plaintiff appears to raise these arguments for the first time in response to Defendant's Motion to Dismiss as an attempt to evade Defendant's arguments regarding exhaustion of the CBA's grievance procedures.

Further, the arguments raised in his response to the motion to dismiss do not explain how the Court could construe Plaintiff as a third-party beneficiary. Plaintiff does not identify any language from the CBA that would support a finding that after his termination he retained any rights as a third-party beneficiary related to future applications for employment. *See id.* at 11–16; *see also Klamath Water Users*

ORDER DENYING MOTION FOR HEARING AND GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS – 12

*Protective Ass'n v. Patterson*, 204 F.3d 1206, 1211 (9th Cir. 1999) ("To sue as a third-party beneficiary of a contract, the third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party."). Plaintiff similarly does not identify any language from the CBA to support a finding that all applicants to the Postal Service are third-party beneficiaries. *Patterson*, 204 F.3d at 1211. Nor does Plaintiff argue that, at the time of his subsequent applications, he was a member of a "class clearly intended by the parties to benefit from the contract."[5] *See id.* ("The intended beneficiary need not be specifically or individually identified in the contract, but must fall within a class clearly intended by the parties to benefit from the contract."). Overall, Plaintiff makes no effort to show that he is or ever was a third-party beneficiary to the CBA.

Had Plaintiff asserted any claims for breach of contract as a third-party beneficiary in his First Amended Complaint, rather than in his response to the motion to dismiss, the adequacy of his arguments would be more appropriate for dismissal for failure to state a claim than for lack of jurisdiction. However, Plaintiff made no such claim in his First Amended Complaint. *See* ECF No. 19 at 11 ("The relevant facts and allegations set forth above in paragraphs 3.1 to 3.41 constitute a breach of a written contract."). If Plaintiff would like to add these claims, he must seek leave

---

[5] In fact, Plaintiff affirmatively states that his "2015 re-hiring attempts occurred when he no longer was a union member." ECF No. 128 at 11.

ORDER DENYING MOTION FOR HEARING AND GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS – 13

of the Court to amend his complaint. As such, the Court need not determine whether Plaintiff properly invoked the Court's jurisdiction or stated a claim on which relief can be granted as to claims based on Plaintiff being a third-party beneficiary to the CBA.

## CONCLUSION

The Court lacks jurisdiction over Plaintiff's claims for breach of contract based on Defendant's failure to provide notice of his 2014 for-cause termination because Plaintiff failed to engage in the CBA's grievance procedures. However, Plaintiff's challenge to the termination itself is exempted from the grievance procedures and Plaintiff may proceed under this cause of action.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Oral Argument, **ECF No. 130**, is **DENIED**.

2. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 117, is **GRANTED IN PART** and **DENIED IN PART** as described above.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this 30th day of April 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge